UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CHARLES EDWARDS FIELDS,

    Plaintiff,

v.                                                      Case No. 2:13-cv-310
                                                      HON. GORDON J. QUIST

DENISE GERTH,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

        Plaintiff Charles Edward Fields, an inmate currently confined at the Chippewa Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Michigan Department of Corrections Alger Correctional Facility ARUS Denise Gerth. Plaintiff claims that Defendant denied him a copy of his transfer screen that he needed to prepare a grievance against another prison and denied him 29 days of personal hygiene items. Plaintiff argues that both of these denials were due to the fact that Defendant knew that Plaintiff was intending to file a grievance against the Newberry Correctional Facility Security Classification Committee for moving Plaintiff from a level two to a level four security placement. Plaintiff claims that the denial of the transfer screen caused him to bring his grievance against Ryan Correctional Facility four months later, which was rejected as untimely. Plaintiff claims that he was denied soap, a toothbrush, toothpaste and deodorant in retaliation for his attempt to file a grievance. Defendant Gerth moves for summary judgment.

        Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that Defendant Gerth retaliated against him by not timely providing him a copy of his transfer screen causing him to file a grievance too late and by not providing him with personal hygiene items for twenty nine days. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3)

the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Defendant Gerth's alleged failure to provide Plaintiff with a copy of his transfer screen had nothing to do with Plaintiff's delay in submitting his grievance. MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003) makes it clear that Plaintiff did not have to submit a copy of his transfer screen with his grievance. Plaintiff could have filed a timely grievance without the document and if Plaintiff believed that the document was necessary to support his grievance, he simply needed to reference the document so that the grievance coordinator could obtain the document. The policy provides that if the document is necessary, the MDOC would obtain the document at Department expense. Plaintiff transferred from the Ryan Correctional Facility on August 25, 2011, and alleges that he believed his transfer was retaliatory as soon as he learned he was going north. Plaintiff alleges that he was denied a copy of his transfer screen on October 17, 2011. At that point, however, it was already too late for Plaintiff to file a timely grievance.

MDOC Policy Directive 03.02.130 sets forth the applicable grievance procedures for prisoners in MDOC custody. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue with the staff member involved, unless prevented by circumstances beyond his or her control. *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process, and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ X. The Policy Directive also provides the following directions for completing grievance forms: "[t]he issues shall be stated briefly. Information provided shall be limited to the <u>facts</u> involving the issue being grieved (i.e.,

who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original).  Therefore, it is clear that nothing Defendant Gerth may have done could have caused the rejection of Plaintiff's grievance.  Plaintiff's grievance was untimely when he asked Defendant Gerth to provide a copy of the transfer screen.  Further, a copy of the transfer screen was not necessary for Plaintiff to submit his grievance at Step I of the process.

Similarly, Plaintiff's claim that Defendant retaliated against him by not providing him with hygiene supplies for 29 days is not supported by the record.  Plaintiff had the ability to purchase toothpaste, a toothbrush, soap and deodorant from the prison store, but chose to purchase other items that cannot be considered necessary.  Plaintiff claims that he should have received an indigent loan, but Defendant Gerth denied his request.  Plaintiff was not indigent and had money in his prison account.  He simply chose to purchase other items with his money.  At his deposition, Plaintiff admitted that he had money in his prison account and was not eligible for an indigent loan.  Plaintiff also understood that it was his responsibility to purchase personal hygiene items if he had money in his account.  Plaintiff's deposition at 66-67, Ex. A, attached to Defendant's motion for summary judgment.  In August 2011, Plaintiff had four deodorants, three toothbrushes and three toothpastes. Ex. J. to Defendant's Motion for Summary Judgment.  In September 2011, soon after arriving at the Alger Correctional Facility, Plaintiff purchased petroleum jelly, two cocoa butter creams, ten toothbrushes, Suave Skin Therapy lotion, two razors, ten envelopes and three brown envelopes. Ex. K. to Defendant's Motion for Summary Judgment.  Plaintiff simply chose not to purchase toothpaste and soap at that time.   Therefore, it is the opinion of the undersigned, that Plaintiff cannot support his retaliation claims against Defendant Gerth.

Similarly, in the opinion of the undersigned, since Plaintiff was not denied personal hygiene items and simply chose not purchase the items with his own money, Plaintiff cannot support his Eighth Amendment claim. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). In the opinion of the undersigned, Plaintiff has not made such a showing and Defendant Gerth is entitled to dismissal of Plaintiff's Eighth Amendment claims.

Defendant also moves for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination, the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. As previously discussed, because Plaintiff cannot establish that his constitutional rights were violated, Defendant is entitled to qualified immunity.

Plaintiff has filed a Motion to Amend Complaint to assert additional claims of denial of access to the courts and retaliation against Defendant Gerth. Plaintiff claims that Defendant failed to allow him to send out legal mail requesting forms from the court so that he could file a lawsuit for the denial of toothpaste, paper and refusing to sign a tax form. Plaintiff claims that Defendant told him to obtain the documents needed to pursue the lawsuit from the prison library. Plaintiff

believed that obtaining the documents from the prison library would be inconvenient for him. Further, Plaintiff claims that the law library told him to obtain the documents from the court.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). The court may deny leave to amend a complaint where the amendment is brought in bad faith, will result in undue delay or prejudice to the opposing party, or is futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1354 (1996). The court must have knowledge of the substance of the proposed amendment to determine whether "justice so requires" an amendment. *Roskam Baking Co v. Lanham Machinery*, 288 F.3d 895, 906 (6th Cir. 2002). The court does not abuse its discretion by denying an amendment where the plaintiff has failed to submit a proposed amended complaint. *Id.* Where discovery was closed, and the plaintiff requested to add new causes of action and new parties, without explanation for the delay in bringing the motion to amend the complaint, it was not an abuse of discretion to deny the plaintiff's motion to amend. *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992). It appears that Plaintiff may be attempting to assert new causes of action that are unrelated to the subject matter of this complaint or possibly is attempting to abandon his original claims and set forth new factual claims of retaliation against Defendant Gerth. Defendant has deposed Plaintiff. Moreover, Plaintiff has not attempted to show that his new claims are factually supportable. If Plaintiff is attempting to assert new causes of action against Defendant Gerth, it is the opinion of the undersigned that he should file a new independent complaint. It is recommended that the court deny Plaintiff's motion for leave to amend his complaint at this stage of the proceedings.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's Motion for Summary Judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (Docket #11) be granted and this case be dismissed in its entirety. Further, it is recommended that the court deny Plaintiff's Motion to Amend Complaint (Docket #17).

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley  
TIMOTHY P. GREELEY  
UNITED STATES MAGISTRATE JUDGE

Dated: February 3, 2015