UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CHARLES EDWARD FIELDS,

        Plaintiff,

v.                                  Case No. 2:13-CV-310

DENISE GERTH,                        HON. GORDON J. QUIST

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Charles Edward Fields, has filed Objections to Magistrate Judge Timothy Greeley's February 3, 2015 Report and Recommendation (R & R), in which Magistrate Judge Greeley recommends that the Court grant Defendant's motion for summary judgment on Plaintiff's First Amendment retaliation and Eighth Amendment claims.[1] The magistrate judge also recommended that the Court deny Plaintiff's motion for leave to amend his complaint. With regard to Plaintiff's retaliation claim, the magistrate judge concluded that Defendant's failure to timely provide Plaintiff his transfer screen did not cause him to file an untimely grievance and that Defendant's denial of hygiene supplies for 29 days cannot support a retaliation claim because Plaintiff had sufficient financial resources to purchase these supplies but chose to purchase other, non-essential, items instead. (R & R at 3–4.) As for Plaintiff's Eighth Amendment claim, the magistrate judge concluded that the deprivation of hygiene items did not pose s sufficiently serious risk to Plaintiff's

---

[1] Defendant filed her motion for summary judgment on April 30, 2014. (Dkt. # 11.) Plaintiff did not file a timely response. However, Plaintiff filed his motion for leave to amend on August 14, 2014. (Dkt. # 17.) The magistrate judge issued his R & R on February 3, 2015. (Dkt. # 19.) On February 6, 2015, Plaintiff filed a motion for an extension of time to respond to Defendant's motion for summary judgment. (Dkt. # 20.) Because the magistrate judge had already issued his R & R, he did not rule on Plaintiff's motion for an extension of time. Plaintiff then filed a motion for an extension of time to file objections to the R & R, and on February 24, 2015, the Court granted Plaintiff's motion in part by allowing him an additional 14 days to file objections. (Dkt. # 25.) On March 30, 2015, Plaintiff filed another motion for an extension of time to file objections because Plaintiff had been transferred to different facilities at least twice after the magistrate judge issued his R & R, and Plaintiff thus had not received the R & R until it was too late for him to file timely objections. (Dkt. # 29.) Accordingly, on April 2, 2015, the Court granted Plaintiff an additional extension of time to file objections. (Dkt. # 31.) Plaintiff's Objections are therefore timely.

health to support an Eighth Amendment claim. (*Id.* at 5.) Finally, regarding Plaintiff's motion to amend, the magistrate judge recommended that the motion be denied because it appears that Plaintiff is attempting to assert new claims that are unrelated to his original claims and Plaintiff failed to show that his claims are factually supported. (*Id.* at 7.)

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Plaintiff's Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

In his first Objection, Plaintiff argues that the magistrate judge erroneously stated that Defendant denied Plaintiff his transfer screen and denied him hygiene items for 29 days because Plaintiff threatened to file a grievance against Newberry Correctional Facility, when in fact, Plaintiff alleges that Defendant retaliated against him because Plaintiff notified Defendant of his intention to file a grievance against her. In his second Objection, Plaintiff contends that the magistrate judge erred because Plaintiff claims he needed the transfer screen to prepare his grievance in order to discover who was involved in his security transfer screening. Both Objections lack merit. The reason for Defendant's retaliation is irrelevant, because the alleged retaliatory acts did not cause Plaintiff to file an untimely grievance or to be deprived of toothpaste or soap. In addition, contrary to Plaintiff's assertion, Plaintiff still could have filed the grievance without the transfer screen and simply referenced it in his grievance as a document that was necessary to support his grievance. Moreover, as the magistrate judge noted, Defendant's denial of the transfer screen could not have rendered Plaintiff's grievance untimely because the time for Plaintiff to file a timely grievance had already passed at the time Defendant denied Plaintiff a copy of the transfer screen. This reasoning also supports the magistrate judge's conclusion that Defendant is entitled to qualified immunity—the subject of Plaintiff's fifth objection.

In his third Objection, Plaintiff states that he never claimed that he should have received an indigent loan or that Defendant denied his request for such a loan. Even so, these facts are not material to the magistrate judge's recommendation.

In his fourth objection, Plaintiff states that the magistrate judge erred in concluding that Plaintiff had funds available to purchase hygiene products because his trust account statement shows that he had no funds during the time in question. In his deposition, however, Plaintiff admitted that he had money in his account during the relevant period that he could have used to purchase hygiene supplies. (Dkt. # 12-2 at Page ID##61–62.) Thus, this Objection lacks merit.

In his sixth and final Objection, Plaintiff contends that the magistrate judge erred in failing to consider Plaintiff's explanation for his delay in requesting leave to amend. However, the magistrate judge recommended denial of Plaintiff's motion because Plaintiff's proposed claims were different than Plaintiff's original claims, and Plaintiff may assert such claims in a new independent complaint. The Court finds no error in this conclusion and, therefore, will deny the motion for leave to amend.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 3, 2015 (dkt. # 19) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (dkt. # 11) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**..

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend (dkt. # 17) is **DENIED**.

This case is **concluded**.

Dated: May 4, 2015                                    /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE